UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH HUBBARD,

                Plaintiff,

    v.                                    Civil Action No._____

WILLIAM W. SIEGEL & ASSOCIATES,
ATTORNEYS AT LAW, LLC

                Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, JOSEPH HUBBARD, by and through his attorney, Law Office of Carol Brent, and for his complaint against the Defendant, WILLIAM W. SIEGEL & ASSOCIATES, ATTORNEYS AT LAW, LLC, Plaintiff states as follows:

### I.    INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### i. III. PARTIES

3. Plaintiff Joseph Hubbard is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant William W. Siegel & Associates, Attorneys at Law, LLP is a limited liability partnership having its principal place of business located in New York County, New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

5. Defendant regularly attempts to collect debts alleged to be due another.

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

8. The Plaintiff allegedly incurred a debt to T-Mobile. This debt will be referred to

    as "the subject debt."

9. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. That Plaintiff contacted T-Mobile on or about 2004 and informed T-Mobile that he wanted his T-Mobile account transferred to his Mother.

11. That Plaintiff told T-Mobile that the reason he wanted the account transferred to his Mother was because he was being deployed by the military overseas for one year.

12. That Plaintiff informed T-Mobile that he would not be able to use his cell phone overseas.

13. That T-Mobile assured the Plaintiff that the account was transferred over to his Mother.

14. That T-Mobile never contacted the Plaintiff again through mail, telephone, email or any other means of communication since the Plaintiff's on or about 2004 phone call.

15. That Plaintiff disputed the subject debt on his credit report on or about 2006 and that the subject debt was removed from his credit report.

16. That the Defendant contacted the Plaintiff on or about January 2011 and demanded that the Plaintiff pay the T-Mobile debt.

17. That Defendant claimed that it was collecting on behalf of T-Mobile.

18. That Plaintiff told the Defendant that he had transferred the account to his

    Mother so he was no longer was responsible for the debt.

19. That Plaintiff told the Defendant that he transferred the account due to his military deployment overseas for one year.

20. That Plaintiff demanded payment even after Plaintiff explained that the debt was no longer his debt as of on or about 2004.

21. That Plaintiff called T-Mobile.  T-Mobile informed him that it no longer owned the debt, that it had been sold, and that no debt collector was collecting the debt on its behalf.

22. That the subject debt was recorded on the Plaintiff's credit report again after having been removed from the Plaintiff's credit report on or about 2006.

23. That Plaintiff had to take out a car loan at an increased interest rate on or about 2010 due to the subject debt being reported on his credit report and lowering his credit score.

24. That Defendant used deceptive means in trying to collect the debt by informing the Plaintiff that it was collecting on behalf of T-Mobile when in fact T-Mobile had sold the debt and no longer could collect on the debt.

25. That Defendant misstated the legal status of the alleged debt by demanding payment on a debt when the statute of limitations had expired for collection of the debt.

26. That Defendant used unfair and unconscionable means in trying to collect on a debt that the Plaintiff did not owe since the account had been transferred to his Mother.

## V. CAUSE OF ACTION

27. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

29. Used false, deceptive and misleading means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

30. Defendant violated 15 U.S.C. §1692e(10) by using false representation and deceptive means to collect or attempt to collect a debt or to obtain information concerning the consumer by informing the Plaintiff that it was collecting on behalf of T-Mobile when in fact T-Mobile had sold the debt.

31. Defendant violated 15 U.S.C. §1692e(10) by using false representation and deceptive means to collect or attempt to collect a debt or to obtain information by trying to collect a debt the Plaintiff did not owe and alleging they were collecting on behalf of T-Mobile.

32. Defendant violated 15 U.S.C. §1692e(2) by misstating the character, amount and legal status of the alleged debt since the statute of limitations had expired and the Plaintiff did not owe the alleged debt.

33. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means in an attempt to collect the debt by alleging Plaintiff owed the debt and that Defendant was collecting on behalf of T-Mobile.

34. That as a result of the Defendant's FDCPA violations alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

a) Actual damages;

b) Statutory damages pursuant to 15 U.S.C. § 1692k.

c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

d) For such other and further relief as may be just and proper.

## VI.  JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 8, 2011

> /s/ Carol A. Brent
> Carol A. Brent
> Law Office of Carol Brent
> Attorney for the Plaintiff
> 331 Alberta Drive, Suite 214
> Amherst, NY 14226
> (716) 650-0750
> Email: carolbrent@brentlawoffice.com